# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RENEE LAFONTAINE | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-335 |
| | § | Judge Mazzant |
| TWEEN BRANDS, INC. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Renee Lafontaine's Motion to Strike Defendant Tween Brands, Inc.'s Motion for Summary Judgment (Dkt. #25). After considering the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

On April 1, 2015, Renee Lafontaine ("Lafontaine") was a customer at Justice Stores, L.L.C. in Stonebriar Centre in Frisco, Texas. While in the store, Lafontaine slipped and fell in a puddle of water, resulting in left knee injuries, neck pain, headaches, and stiffness (Dkt. #26 at p. 4). On April 18, 2016, Lafontaine sued Tween Brands, Inc. ("Tween"), the store owner, in state court for negligence based on premises liability. Lafontaine alleges that Tween "failed to maintain its premises in a reasonable safe condition as would a prudent retail store operator." (Dkt. # 1, Exhibit C at pp. 2–3). Lafontaine also alleges that Tween "negligently created and/or allowed to exist a dangerous condition" because a customer came into the store "with a leaking water bottle despite Tween's policy prohibiting drinks and food inside their store." (Dkt. # 1, Exhibit C at pp. 2–3). Finally, Lafontaine asserts that Tween "controlled customer's ingress and egress into and out of the store," and thus assumed a legal duty owed to Lafontaine.

On May 20, 2016, Tween removed the case to this Court based on diversity jurisdiction (Dkt. #1 at pp. 2–3). The Court's Scheduling Order set the deadline for filing dispositive motions

for December 27, 2016 (Dkt. #11). On March 31, 2017, Tween filed a Motion for Summary Judgment (Dkt. #22) three months after the deadline, alleging that Lafontaine cannot prove that Tween or its employees had actual or constructive knowledge of the puddle. On April 10, 2017, Lafontaine filed an Amended Motion to Strike Tween's Motion for Summary Judgment (Dkt. #25), on the basis that the summary judgment motion was untimely. On April 12, 2017, Tween filed a Response to Lafontaine's Motion to Strike, and a Motion to Extend Time (Dkt. #26).

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure states that a party may move for summary judgment at any time until 30 days after the close of all discovery *unless* a different time is set by a local rule, or a court orders otherwise. Fed. R. Civ. P. 56(c)(1) (emphasis added). Rule 16 states that a scheduling order may only be modified for "good cause" and with the judge's consent. Fed. R. Civ. P 16(b)(4); *S & W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). Also, Rule 6 states that if a request is made to extend time after the original time has already expired, the court may "for good cause, extend the time . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

## ANALYSIS

Tween asserts that its failure to file its Motion for Summary Judgment by December 27, 2016, was justified by "excusable neglect" under Rule 6 of the Federal Rules of Civil Procedure (Dkt. #26 at pp. 7–9). Tween also contends that good cause exists under Rule 16 of the Federal Rules to extend the dispositive motion deadline to March 31, 2017.

Tween must satisfy both the excusable neglect and good cause requirements to prevent the Court from granting Lafontaine's Motion to Strike. Tween primarily argues that it satisfies these requirements because it relied solely on Lafontaine's deposition testimony to support its summary

judgment motion, but did not have this testimony until February 13, 2017 (Dkt. #26 at p. 8). Therefore, Tween argues it satisfies the requirements because it did not have the information it relied on to support its summary judgment motion until after the deadline.

*Excusable Neglect*

Because the deadline for filing dispositive motions passed before Tween filed its motion for summary judgment, Tween must first show that its failure to timely act was due to "excusable neglect." Fed. R. Civ. P. 6(b); *Rivero v. Sunbeam Products, Inc.*, No. SA-08-CV591-XR, 2010 WL 1752532 (W.D. Tex. Apr. 29, 2010). Relevant factors used to determine "excusable neglect" include: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. *Rivero*, 2010 WL 1752532, at *1 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006)). For the following reasons, the Court finds that Tween fails to satisfy excusable neglect.

1. Danger of Prejudice to Non-Movant

The danger of prejudice to Lafontaine is clear. District courts in the Fifth Circuit have found prejudice in this context when finding excusable neglect would affect trial preparation. *Deaton v. Kroger Co.*, No. 4:13-CV-254, 2014 WL 3452486, at *2 (E.D. Tex. July 15, 2014); *see Rivero*, 2010 WL 1752532, at *1 (finding excusable neglect would prejudice plaintiff because it would "impact their preparation for trial in reliance on the scheduling order deadlines"). In *Deaton*, the defendant filed a motion for leave and a motion for summary judgment on July 27 and July 30, 2014, over six months after the December 11, 2013 deadline to file summary judgment motions. 2014 WL 3452486, at *1. The *Deaton* court found the "potential prejudice to Plaintiff is extremely

high" because the plaintiff was "under the impression that there were no further grounds for a summary judgment motion, and has been preparing for trial in September of 2014." *Id.* Here, Tween filed their motion for summary judgment over three months after the dispositive motion deadline. Thus, it is likely that Lafontaine was "under the impression that there were no further grounds" for summary judgment. *Id.* Also, this case's pre-trial conference is set for July 21, 2017, with trial scheduled sometime between August 14 and September 1, 2017. Therefore, it is likely that Lafontaine has been preparing for trial, as trial is scheduled to start in two months. Thus, as in *Rivero*, hearing Tween's summary judgment motion could adversely affect Lafontaine's "trial preparation in reliance on the scheduling order deadlines." *Id.*

Courts have also found prejudice when considering an untimely summary judgment motion could force the parties to go to trial without a summary judgment ruling. *Deaton*, 2014 WL 3452486, at *2. The *Deaton* case was scheduled for trial only two months after the defendant filed its untimely summary judgment motion. *Id.* Therefore, the court warned that "the parties could be forced to go to trial without a ruling" on the motion, which would result in "further prejudice to Plaintiff." *Id.* This was because both parties would have to fully brief the summary judgment motion two months before trial. *Id.* Here, trial is also only two months away, and both parties would have to fully brief the summary judgment motion. This presents the possibility that trial could start without a summary judgment ruling, which would further prejudice Lafontaine.

2. <u>Length of Delay and Potential Impact on Judicial Proceedings</u>

The delay's length and its potential impact on judicial proceedings also weighs against finding excusable neglect. District courts in the Fifth Circuit have found delays as short as a few weeks as too long to find excusable neglect. *Rivero*, 2010 WL 1752532, at *1. For example, the deadline to file dispositive motions in *Rivero* was March 15, 2010. *Id.* The defendant did not file

4

a motion for leave to file a motion for summary judgment until April 14, 2010. *Id.* In refusing to find excusable neglect, the *Rivero* court emphasized that the defendant was "aware as of March 23, 2010, that its own expert's opinion could serve the basis for a motion for summary judgment, yet waited until April 14 to seek leave from the Court to file a dispositive motion beyond the deadline." *Id.* In this case, Tween should have been aware from the moment Lafontaine filed suit that her testimony could be the basis for a summary judgment motion. Yet Tween waited until February 13, 2017, to depose Lafontaine, long after the dispositive motion deadline had passed. Moreover, Tween did not file their summary judgment motion until March 31, 2017, a month and a half after deposing Lafontaine. These lengthy delays are simply too long to support an excusable neglect finding, especially considering the impending trial.

    3. <u>Reason for the Delay and Whether it was in Control of the Movant</u>

The reason for the delay and whether it was in Tween's reasonable control also weighs against finding excusable neglect. Tween's reason for the delay in filing its summary judgment motion was the need to "conduct full and complete discovery in the case before filing a dispositive motion." (Dkt. # 26 at p. 8). Tween argues that it relied solely on Lafontaine's testimony to support its summary judgment motion, and that filing the motion at the deadline would have been premature because Lafontaine had yet to be deposed.

However, Tween does not explain why it waited to depose Lafontaine until nearly six months after it received the Scheduling Order on August 25, 2016. Courts have refused finding excusable neglect when the circumstances leading to the delay were within the defendant's control. *Rivero*, 2010 WL 1752532, at *2. In *Rivero*, the court found against excusable neglect because "the circumstances leading up to [defendant's] delay were all within its control." *Id.* This is because the defendant "had the information" upon which it based its summary judgment motion

5

two months before the dispositive motion deadline. *Id.* Here, the Court recognizes that Tween did not have Lafontaine's testimony at the time of the dispositive motion deadline. However, Tween had four months to depose Lafontaine and draft a summary judgment motion to meet the deadline. Moreover, Tween does not indicate that it was prevented from deposing Lafontaine. It should have been clear to Tween that deposing Lafontaine would be necessary to support a motion for summary judgment. Lafontaine is the plaintiff herself, and according to her testimony, there were very few, if any, witnesses (Dkt. #22, Exhibit A at p. 8). Thus, it is clear that she would have the most pertinent information that would support a summary judgment motion.

Also, excusable neglect arguments have been rejected when the information the defendant relied on when filing their motion was known, or should have been known, before the dispositive motion deadline. *Imperium IP Holdings, Ltd. v. Samsung Electronics Co., Ltd.*, No. 4:14-CV-371, 2016 WL 278971, at *1 (E.D. Tex. Jan. 21, 2016). In *Imperium*, the defendant filed a motion for leave to file for summary judgment eight weeks after the dispositive motion deadline. 2016 WL 278971, at *1. The excusable neglect argument in *Imperium* was that they did not have the information necessary to file a summary judgment motion until the day of the dispositive motion deadline. *Id.* However, the court rejected this argument, because "much of the information relied upon by Defendants to support its motion for summary judgment was known, or should have been known" before the deadline. *Id.* Here, Tween "should have known" the information it relied upon to support its motion for summary judgment before the deadline. As stated above, Tween should have known that Lafontaine's testimony would be essential to support any summary judgment motion it planned to file. Thus, the circumstances that led to the delay were in Tween's control, and Tween should have known the information it was relying on to support its summary judgment motion before the dispositive motion deadline. Thus, this factor weighs against excusable neglect.

4. Good Faith

Finally, there is no evidence that Tween did not act in good faith. However, this does not outweigh the other factors weighing against excusable neglect. Therefore, the Court finds that Tween's failure to timely file its summary judgment motion was not justified by excusable neglect.

*Good Cause*

Additionally, because Tween is requesting to modify the Court's Scheduling Order to extend the dispositive motion deadline, it must demonstrate "good cause" for the court to do so. Fed. R. Civ. P. 16(b)(4). The Fifth Circuit has established four factors the Court should consider when determining whether good cause exists: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; (4) the availability of a continuance to cure the prejudice. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003). Additionally, a party must show that it "could not have met the deadline despite its diligence." *S & W Enters.*, 315 F.3d at 536–38.

1. Explanation for Failure to Timely Move for Leave to Amend

As stated above, Tween does not provide an adequate explanation as to why it did not timely move to extend the dispositive motion deadline. Tween's reason for not requesting an amendment to the Scheduling Order before the dispositive motion deadline was that it "did not yet know that summary judgment would be proper," because they had not deposed Lafontaine at that time (Dkt. #26 at p. 10). However, as explained above, Tween has failed to explain why it could not have deposed Lafontaine earlier than it did. *Deaton*, 2014 WL 3452486, at *2; *Rivero*, 2010 WL 1752532, at *1. If Tween had deposed Lafontaine during the four months between the Scheduling Order's release and the dispositive motion deadline, it would have had the information it relied on to support its summary judgment motion well before the deadline. *See Bennett v.*

*Consolidated Gravity Drainage Dist. No.* 1, 648 F. App'x 425, 429 (5th Cir. 2016) (rejecting good cause because plaintiff "conducted no discovery at all," and "had she inquired in discovery" she would have learned the information relied on prior to the amendment deadline). Therefore, this factor weighs against finding good cause to extend the deadline.

    2. <u>The Importance of the Amendment</u>

The amendment's importance weighs toward finding good cause. However, this is mainly because any amendment will inherently be important to the party seeking an amendment to the Scheduling Order. It is also important to Tween because if the Court were to hear Tween's motion and agree with the arguments made, the Court would grant summary judgment in its favor. However, Tween's primary argument that the amendment is important is that "summary judgment is proper," and that failing to hear Tween's motion would be "wasteful of this Court's time and resources." (Dkt. #26 at p. 10). But the Court is unable to conclusively determine if summary judgment is proper in this case. The only briefing this Court has received for Tween's summary judgment motion is the motion itself. Lafontaine has not filed a response to the summary judgment motion, so the Court is unable to determine if there is a genuine dispute as to any material fact. While summary judgment may be proper in this case, Tween's argument is premature because the Court is unable to make that determination at this time. Therefore, while the amendment is important to Tween, it does not outweigh the other factors that weigh against finding good cause.

    3. <u>Potential Prejudice in Allowing the Amendment</u>

The potential prejudice if the amendment is allowed has also been discussed in the excusable neglect analysis. As stated above, if the amendment were allowed and the Court agreed to hear Tween's motion, full briefing of the motion would still have to be filed with the Court. With a trial date fast approaching, it is possible that trial could begin without the Court having

ruled on the summary judgment motion. *Deaton*, 2014 WL 3452486, at *2. Furthermore, as explained above, hearing Tween's motion could disrupt trial preparation. *Rivero*, 2010 WL 1752532, at *1. Therefore, "because of the possibility of prejudice . . . the court has broad discretion to preserve the integrity and purpose of the pre-trial order." *Sw. Bell Tel. Co.*, 346 F.3d at 547. The Court chooses to exercise that discretion here.

    4. Possibility of Continuance to Cure Prejudice

Whether a continuance could cure prejudice weighs in favor of good cause. However, whatever slight cure in prejudice a continuance may bring does not outweigh the other factors that weigh against good cause. Furthermore, district judges have broad "discretion not to grant a continuance," because they have the "power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *S & W Enters.*, 315 F.3d at 537. The Court also chooses to exercise its discretion to not grant a continuance in this case.

    5. Diligence

Finally, Tween is unable to show that despite its diligence, it could not have met the deadline because Tween did not diligently pursue discovery in the first place. The Fifth Circuit has held that a party does not "diligently pursue discovery" when they filed a motion three months after a scheduling order deadline, and provided no information about its discovery efforts. *Agee v. City of McKinney, Tex.*, 593 F. App'x 311, 313–14 (5th Cir. 2014). The Fifth Circuit in *Agee* found that a party had "not diligently pursued discovery" because he "finally filed his motion . . . eighty-six days after" the dispositive motion deadline. *Id.* Furthermore, the party did not exercise diligence because he "provided no information regarding [its] efforts to obtain discovery." *Id.* In this case, Tween has not provided an explanation as to why it could not have deposed Lafontaine in time to draft a summary judgment motion before the dispositive motion deadline. Also, Tween

9

does not mention when it first attempted to depose Lafontaine, or if prior attempts to depose her were prevented. Thus, Tween has "provided no information regarding its efforts to obtain discovery," and has failed to prove it diligently pursued discovery. *Id.* Tween argues that because it completed its discovery before the discovery deadline, it diligently completed discovery but could not meet the deadline. However, merely completing discovery before the discovery deadline does not satisfy diligence in this instance. If Tween had exercised diligence in this case, it would have deposed Lafontaine long before the deadline for dispositive motions had passed. If Tween planned on filing a summary judgment motion, it should have known it would have had to depose Lafontaine to support its motion, meaning they would have to depose her before the deadline. As stated, Tween had four months to depose Lafontaine and draft its summary judgment motion. Yet Tween did not depose Lafontaine until almost two months after the deadline. Therefore, Tween has not shown that "despite its diligence, it could not have met the deadline."

## CONCLUSION

The Court finds Tween has not met its burden in showing either excusable neglect or good cause under Rules 16 and 6. It is therefore **ORDERED** that Lafontaine's Motion to Strike Tween's Motion for Summary Judgment (Dkt. #25) is hereby **GRANTED.** The Clerk is instructed to terminate Tween Brands, Inc.'s Motion for Summary Judgment (Dkt. #22) as an active motion.

**SIGNED this 16th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE